EL BANCO TERRITORIAL Y AGRÍCOLA DE PUERTO RICO, demandante y apelado, *v.* ULISES A. MARTÍNEZ, demandado y apelante.

No. 3486.—*Visto:* Marzo 11, 1925.  *Resuelto:* Marzo 11, 1926.

BANCOS Y OPERACIONES BANCARIAS—DE SUS FUNCIONES Y NEGOCIOS—DEPÓSITOS— SOBREGIROS EN LA CUENTA DE UN DEPOSITANTE—RESPONSABILIDAD DE ÉSTE POR EL MONTANTE DE LOS SOBREGIROS PAGADOS.—Un depositante cuya cuenta está asegurada por medio de garantía colateral por él puesta a disposición del banco, es responsable por el importe de los sobregiros que, a cargo de esa cuenta, se han pagado por el banco.

SENTENCIA de *Pablo Berga,* J. (Humacao), declarando con lugar la demanda, con costas.  *Confirmada.*

*José C. Rivera,* abogado del apelante; *Joaquín Vendrell,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

El demandante estableció demanda en cobro del importe de ciertos sobregiros, y además de los particulares de presentación y pago por una sucursal de Guayama, alegó lo siguiente:

"VII. Que tanto el cheque número 88,361, como el 30.751 que se mencionan en las alegaciones terceras y quinta de esta demanda, fueron remitidos por la sucursal de la institución bancaria demandante que tiene establecida en la ciudad de Guayama a la sucursal que la misma institución demandante tiene abierta en la ciudad de Caguas, para que fuesen cargados a la cuenta corriente del deman-

dado en esta última sucursal y con instrucciones de que fuesen abonados en cuenta a su vez, a la sucursal donde fueron pagados, según aparece de los endosos que figuran al dorso de los dos cheques referidos.

"VIII. Que en la fecha que fueron recibidos por la sucursal de Caguas los cheques a que se hace referencia en las alegaciones tercera y quinta de esta demanda, la cuenta corriente del demandado Ulises A. Martínez no arrojaba a' su favor un saldo suficiente para cubrir el montante total de los mismos cheques; habiéndose visto obligada esta sucursal a requerir al demandado, a efectos de que, hiciese a la brevedad posible, el depósito de fondos suficientes a cubrir el montante total de los ameritados cheques.

"IX. Y alega la institución bancaria demandante que el demandado solicitó del Gerente de la sucursal de Caguas que abonase en cuenta a la sucursal de la misma institución establecida en la ciudad de Guayama, que fué la que remitió los cheques objeto de esta acción con las instrucciones que aparecen en las alegaciones anteriores de esta demanda, bajo promesa por parte del demandado de hacer oportunamente el depósito de fondos que cubriesen totalmente el montante de dichos cheques.

"X. Que la sucursal de Caguas, en atención a que en aquella fecha el demandado gozaba de un buen crédito y con el fin de no perjudicar en su crédito al demandado abonó en cuenta a la sucursal de Guayama, los cuatro mil cien dollars, importe total de los ya repetidos cheques; y a pesar del tiempo transcurrido desde la fecha en que dichos cheques fueron recibidos por la sucursal de Caguas hasta la interposición de esta demanda el demandado no ha hecho efectivo el pago del importe de los cuatro mil cien dollars, ni gestión alguna tendente a cubrir el importe de dicha cantidad, no obstante la infinidad de requerimientos que se le han hecho para conseguirlo."

De la contestación del demandado transcribimos lo siguiente:

"III. El demandado carece de información o creencia sobre todos los extremos comprendidos en el hecho séptimo de la demanda, por lo que formula de ese modo la negación de dicho hecho.

"IV. El demandado impugna y niega general y especialmente, uno por uno, todos los puntos que integran el hecho noveno de la demanda.

"V. Asimismo el demandado impugna y niega, en su totalidad, el hecho décimo de la demanda, de un modo general y especial.

MATERIA NUEVA CONSTITUTIVA DE OPOSICIÓN A LA DEMANDA.

"El demandado, además, como materia nueva de oposición a la demanda, aduce las siguientes DEFENSAS:

"*Primera:* Que el demandado nunca estuvo obligado, principal y directamente, a reembolsar al demandante el importe de los cheques objeto de este pleito, sino que eso correspondía a los endosatarios de los mismos, en el orden en que aparecen como tales en dichos documentos de créditos, y es por eso que al demandante correspondía, a su vez, dirigirse primeramente contra aquéllos, a menos que estuviese en la mente del demandante aceptar siempre la responsabilidad de su no actuación contra las partes directamente compelidas a reembolsar el importe de dichos cheques; y

"Que, además, en la fecha en que fueron recibidos los cheques por la sucursal de Caguas, aunque el saldo de la cuenta del demandado a su favor no ascendía a más de $400.00, más o menos, es lo cierto que el demandado había depositado en el banco como garantía colateral a su cuenta corriente el importe de más de 15 pagarés a su favor que en su totalidad montaban a más de $3,428.30, por lo que no es posible ni siquiera suponer que el banco tuviese motivo para hacer requerimiento alguno al demandado entonces, a fin de que procediese a efectuar nuevos depósitos; máxime cuando dicha garantía colateral había sido aceptada a la más completa satisfacción del banco en todas las ocasiones.

"*Segunda:* Y el demandado alega y sostiene, especialmente, que el demandante nunca abonó a la cuenta corriente del demandado valor alguno que compensase el importe de los valores colaterales en su poder y a su disposición, los que a veces ascendieron a más de seis mil dollars, en varios pagarés a favor del demandado, endosados en blanco, no obstante haber considerado el demandante la imposición de dichos documentos como valores en cartera para las emergencias de la cuenta corriente del demandado; y con cuyos valores en cartera trataba siempre de compensar los sobregiros que pudieran ocurrir en la cuenta corriente del demandado como correntista del demandante; y

"Que no es posible concebir cómo pudo el demandante tratar con tanta consideración al demandado, a fin de no perjudicarle en su crédito y reputación en aquella fecha (cuando recibió la sucursal de Caguas los cheques de este pleito), por cuanto que precisamente en aquella fecha, en aquellos días, con grave perjuicio para el demandado, el demandante le devolvió otros cheques del propio demandado sin el menor asomo de respeto o distinción, si bien es verdad que los endosatarios de los cheques que fueron así devuel-

tos no eran personas de tan buen crédito y solvencia como los endosatarios de los cheques que sirven de base a esta reclamación.''

Al terminar el demandante de presentar su prueba, tuvo lugar el siguiente incidente:

"Licdo. J. C. Rivera.—Señor Juez, para ganar tiempo, yo deseo hacer una moción, para someterla a la consideración de la Corte, como una cuestión de derecho, sin argumentación. He podido y puedo levantar varias defensas, pero quisiera levantar una sola defensa, y yo creo que el compañero no tendrá inconveniente con respecto a ello, sin perjuicio de que la Corte la resuelva después de oir mi prueba. La defensa de que el demandado nunca ha estado obligado a reembolsar a la demandante el importe de esos cheques.

"Licdo. Vendrell.—Como una cuestión de derecho, sí, señor; *all right.*

"Licdo. J. C. Rivera.—De manera que todas las demás defensas se dan por no interpuestas. El demandado quiere declarar.''

El único testigo del demandado fué el propio demandado, quien insistió en que él nunca había sido notificado del sobregiro particular en cuestión, o de cualesquiera otros con posterioridad a ciertas fechas especificadas. Pero el demandado admitió que se le había notificado de anteriores sobregiros y que había recibido un estado de su cuenta en el que los cheques referidos en la demanda habían sido cargados a su cuenta por haber sido pagados por el banco.

En la corte inferior el caso fué sometido por alegatos y la principal, si no la única, contención del demandado parece haber sido que el banco estaba obligado a proceder primero contra los endosatarios.

En apelación, sin embargo, esta teoría parece haber sido prácticamente abandonada y el demandado se funda ahora en la proposición de que el banco no tiene ningún remedio por pérdidas sufridas por pago de sobregiros hechos por inadvertencia u otra causa.

El alegato del apelante no contiene ningún señalamiento de error por separado y unas siete u ocho páginas de la llamada exposición del caso se dedican a discutir la excepción

previa de falta de hechos suficientes para constituir una causa de acción, que fué desestimada por la corte inferior.

A esto siguen varias especificaciones diseminadas por todo el razonamiento del abogado relativas a los alegados errores en la admisión de la prueba y a la desestimación de una moción para eliminar una o dos preguntas y contestaciones insignificantes. Ninguna de estas cuestiones como fueron presentadas y sometidas hubieran requerido seria consideración, aun cuando hubiesen sido señaladas separadamente.

Sigue inmediatamente un amplio "análisis de la prueba" sin ningún señalamiento en relación con la misma. Y en conclusión se reanuda la discusión de la excepción previa por contener la cuestión envuelta.

En lo que respecta a la excepción previa el apelante pasa enteramente por alto la alegación de que los cheques fueron honrados a instancias y petición del demandado. En la discusión de la prueba se ignora asimismo la admisión envuelta en la manifestación terminante de la contestación al efecto de que el demandado había dejado en poder del banco una cantidad considerable de garantía colateral para responder de todos los sobregiros. El razonamiento en conjunto asume, sin ninguna tentativa formal por demostrar, que la misma regla rige entre el librado y el librador que entre el librado y a quien se hace el pago. Creemos, en substancia, que la relación entre un banco y sus depositantes es la que hay entre deudor y acreedor; que un banco no tiene ninguna obligación de pagar un sobregiro; que el hecho de hacerlo así se considera como censurable por algunas cortes y que el dinero así pagado generalmente no puede ser recobrado del que lo recibe, todo lo cual puede admitirse sin afectar al resultado en el presente caso.

Sin embargo, el alegato por su faz es un documento más bien formidable, con copiosas citas de autoridades, y el demandado en contestación parece que se funda en la proposición de que debe desestimarse la apelación debido a los de-

fectos de forma ya referidos, más que en los méritos del caso como ha sido presentado por el banco.

Dentro de las circunstancias, y especialmente en vista del hecho de que se hizo una indicación sobre la desestimación de la apelación en el alegato del apelado archivado algunos días antes de la vista, en vez de hacerse en una moción de desestimación a su debido tiempo, y a pesar del hecho de que este tribunal no está en la obligación de leer un alegato como el que fué presentado por el apelante aquí, ni de examinar los autos, hemos preferido aplazar la resolución final del presente caso hasta que pudiéramos tener tiempo para cerciorarnos de que no se le había ocasionado ninguna grave injusticia al demandado.

Habiendo llegado a la conclusión de que no se cometió ningún error fundamental, *la sentencia apelada debe ser confirmada.*